UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:06CV-94M**

**McNULTY AND ASSOCIATES, LLC**                                            **PLAINTIFF**

**vs.**

**FOX TOYOTA, INC.**                                                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Defendant, Fox Toyota, Inc. ("Fox") to dismiss the suit filed by Plaintiff McNulty and Associates, Inc. ("McNulty")[DN 5]. McNulty, a Kentucky resident, filed this breach of contract action against Fox in state court. Fox, a non-resident, removed the case to this court based on diversity. Fox now asserts that this action should be dismissed based on a lack of personal jurisdiction. For the reasons set forth below, the motion by Fox to dismiss for lack of personal jurisdiction is granted.

**I. Background**

McNulty is a consulting business that provides services related to the sale of automobile dealerships. Based in Owensboro, Kentucky, McNulty essentially acts as a real estate agent for automobile dealers, marketing the dealerships to potential buyers. Fox is an auto dealer in Clinton, Tennessee. In July, 2004, McNulty and Fox entered into a contract whereby McNulty agreed to market the Fox dealership for sale. The contract stated that Fox would sell to a suitable buyer at the price of $10,530,000. The contract provided that Fox's approval of a buyer produced by McNulty would "not be unreasonably withheld." Fox agreed to pay McNulty $550,000 upon the closing of a sale. According to the Complaint,

McNulty produced a buyer, but Fox refused to proceed to a sale. McNulty brought this action to recover fees lost as a result of Fox's alleged breach of contract. Fox seeks dismissal claiming that the court lacks personal jurisdiction over it.

## II. Standard of Review

When a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) is made, the plaintiff has the burden of proving that jurisdiction exists. Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). When there is no evidentiary hearing on the motion to dismiss, the plaintiff must make only a prima facie showing of jurisdiction, and the pleading and affidavits are viewed in a light most favorable to the plaintiff. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998)). Federal courts apply the law of the forum state when determining whether personal jurisdiction exists. Youn, 324 F.3d at 417; Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002). If personal jurisdiction exists under the forum state's long arm statute, the court then must determine whether personal jurisdiction would comport with the Due Process Clause of the U.S. Constitution. Id.

## III. Discussion

In this case, the dispute concerns whether Fox's activities place it within the reach of Kentucky's long-arm statute. Fox asserts that it has no substantial connection to Kentucky and has not purposefully availed itself of the privilege of acting in Kentucky. McNulty contends that the communications initiated by Fox places it within the reach of Kentucky's long-arm statute.

"Whether or not personal jurisdiction is established in any instance depends upon the

2

facts and circumstances of each particular case." Info-Med, 669 F. Supp. 793, 796 (W.D. Ky. 1987). In determining whether the exercise of personal jurisdiction over a nonresident defendant is authorized, a federal district court must first apply the law of the forum state. Clay v. Hopperton Nursery, Inc., 533 F. Supp. 476, 478 (E.D. Ky. 1982). If the state long-arm statute would permit the exercise of personal jurisdiction over the nonresident defendant, the court must examine whether the exercise of jurisdiction is consistent with the Due Process Clause of the United States Constitution. Id. Where the state legislature has authorized state courts to reach the full constitutional limits in pursuing a nonresident defendant, these two inquiries become one. Id.

In Kentucky, the reach of the long-arm statute and considerations of due process are conflated as "the long-arm statute within this jurisdiction allows Kentucky courts to reach to the full constitutional limits of due process in entertaining jurisdiction over non-resident defendants." Wilson v. Case, 85 S.W.3d 589, 592 (Ky. 2002). Thus, the Court need only consider whether jurisdiction is proper under the Fourteenth Amendment. Nat'l Grange Mut. Ins. Co. v. White, 83 S.W.3d 530, 533-34 (Ky. 2002); see also Tobin v. Astra Pharmaceutical Products, Inc., 993 F.2d 528, 541 (6th Cir.), cert. denied, 510 U.S. 914 (1993) (recognizing that the Kentucky long-arm statute has been understood to reach the full constitutional limits in entertaining jurisdiction over non-resident defendants).

"The relevant inquiry is whether the facts of the case demonstrate that the nonresident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'"

Theunissen, 935 F.2d 1454, 1459 (6th Cir. 1991) (quoting Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945)).  Depending on the type of contacts with the forum, personal jurisdiction may be either general or specific.  General jurisdiction exists upon a showing that the defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant."  Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147, 149 (6th Cir. 1997).  Specific jurisdiction is exercised over a defendant in a suit arising out of or related to the defendant's contacts with the forum.  Id.; Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-415 & nn. 8-10 (1984).  McNulty does not contend that the Court has general jurisdiction over Fox, and there is no evidence of continuous or systematic contacts with the forum.  Thus, only specific jurisdiction will be considered in this case.

The Sixth Circuit has identified three criteria for determining whether specific in personam jurisdiction may be exercised.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968).  See also Theunissen, 930 F.2d at 1460; Franklin Roofing, Inc. v. Eagle Roofing and Sheet Metal, Inc., 61 S.W. 3d 239, 240 (Ky. Ct. App. 2001).

In order to determine whether personal jurisdiction over Fox would be appropriate in this forum, the Court must examine their contacts in terms of the three criteria outlined in Mohasco. "The three prong test is intended to be a framework for analysis and is not susceptible to mechanical application." Info-Med, 669 F.Supp. at 796 (citing Welsh v. Gibbs, 631 F.2d 436, 440 (6th Cir. 1980)). "Furthermore, the first and second prongs may be considered as one due to their inter-relatedness." Id. These prongs may be satisfied if a substantial business contract is present. Id.

Jurisdiction is proper under the purposeful availment requirement where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Moreover, the defendant's conduct and connection with the forum must be of a character that he or she should reasonably anticipate being haled into court there. Id. at 474. This purposeful availment requirement ensures that a defendant will not be hailed into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. Id. at 475.

"A defendant may be said to have purposefully availed himself of the benefits of the forum state if he has either 'deliberately' engaged in significant activities within a state or created 'continuing obligations' between himself and the citizens of a forum." Info-Med, 669 F. Supp. at 796 (quoting Burger King, 471 U.S. at 475-476.). "[P]arties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities.'" LAK, Inc. v. Deer Creek Enterprises, 885 F.2d 1293, 1300 (6th Cir. 1989)

(quoting Burger King, 471 U.S. at 473 ). "[J]urisdiction may not be avoided merely because the defendant did not physically enter the forum state, so long as a commercial actor's efforts are purposefully directed toward residents of another state." Info-Med, 669 F. Supp. at 796.

In this case, all negotiations related to this contract took place in Tennessee. Fox did not solicit McNulty to provide services, but instead, McNulty entered the state of Tennessee to attract Fox as a potential client. No action related to the contract or the alleged breach of contract required a representative of Fox to be in Kentucky. The only relevant action which occurred in Kentucky were the actions of McNulty, which were unilateral and did not require Fox's presence or action within the state. The facts do not indicate that Fox intentionally reached out beyond its home state of Tennessee. Fox was approached by McNulty in Tennessee, and the parties negotiated a contract while in Tennessee. Thus, Fox did not "purposefully direct" actions toward the state of Kentucky, and the first prong of the Mohasco test is not satisfied. See Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968). The standards of due process do not allow Fox to be sued within Kentucky.

The contract between McNulty and Fox indicated that any disputes related to the contract would be arbitrated in Owensboro, Kentucky. McNulty suggests that this provided Fox with notice that legal action related to the contract could take place in Kentucky. This argument does not stand. The contract merely provided for arbitration in Kentucky. The contract does not indicate that all legal actions resulting from the contract would take place in Kentucky. Fox's lack of contacts in the forum prevent that result. Thus, the arbitration

6

clause is irrelevant to the determination of whether personal jurisdiction over Fox exists in Kentucky.

Furthermore, McNulty's requested for leave to amend the original complaint to request arbitration is denied as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). This Court is without jurisdiction over the defendant to compel arbitration.

## VI. Conclusion

Plaintiff McNulty did not meet its burden to establish this Court's personal jurisdiction over Fox. For the reasons set forth above, it is ordered that the Defendant's Motion to Dismiss is **GRANTED** [DN 5].


cc: Counsel of Record